OPINION
This is an appeal from the Ashland County Court of Common Pleas which granted Summary Judgment to appellee.
 STATEMENT OF THE FACTS AND CASE
The facts in this case are that Leonard L. Jones obtained two certificates of deposit with Huntington National Bank (appellee) on December 31, 1996.
Each of such certificates provided that the funds would be payable on death to his children, Phillip L. Jones, Roger A. Jones and Evelyn J. Ruhlin. Such children along with Philip L. Jones as Executor of the Estate are appellants.
In July 1999, the certificates reached maturity date and appellee Huntington National Bank issued a notice to Leonard L. Jones that he was required to renew or redeem the certificates.
As Leonard L. Jones was in failing health, he made arrangements for John Donelson to contact appellee.
Mr. Donelson obtained an authorization letter from appellee providing, upon being signed by Leonard Jones, that he (Donelson) could act for Mr. Jones.
Subsequent thereto, Donelson obtained signature cards from appellee to arrange for issuance of replacement certificates of deposit rather than withdrawing the funds. Appellee's employee marked the signature lines with an "X" for Jones' signature.
The signature cards provided a block to mark if payable on death was desired along with a space for the names of death beneficiaries.
The cards were not marked or completed with regard to the payable on death option.
In this regard the certificates issued in 1999 differed from those of 1996. They also had different rates of interest and maturity dates.
The certificates on Mr. Jones death were of the approximate value of $150,000.00.
In addition to the three children named as beneficiaries on the 1996 certificates, Mr. Jones left a widow, Evelyn Jones. The children were listed as heirs in Mr. Jones' Will but his widow was not. She therefore could elect to take against the Will for a statutory share.
The complaint filed in this case curiously joins the children and the Executor even though the estate would be depleted if the complaint proved to be successful.
The complaint alleges as to appellee:
1. Breach of fiduciary duty.
2. Breach of oral contract.
3. Breach of contract.
4. Negligence.
Each cause of action is, of course, predicated on the absence of payable on death provisions in the 1999 certificates.
Huntington National Bank moved to deposit the funds with the Court subject to its determination as to ownership and moved for Summary Judgment as to the claims of appellants.
Appellants responded and also moved for Summary Judgment.
The trial court sustained the motion of appellee Huntington.
ASSIGNMENTS OF ERROR
Appellants raise four Assignments of Error:
 I. THE TRIAL COURT ERRED WHEN IT RULED NO MATERIAL ISSUE OF FACT REMAINED CONCERNING DEFENDANT-APPELLEE'S BREACH OF FIDUCIARY DUTY.
 II. THE TRIAL COURT ERRED WHEN IT RULED THAT NO MATERIAL ISSUE OF FACT REMAINED CONCERNING DEFENDANT-APPELLEE'S BREACH OF CONTRACT.
 III. THE TRIAL COURT ERRED WHEN IT RULED NO MATERIAL ISSUE OF FACT REMAINED CONCERNING THE PAROL EVIDENCE RULE'S EXCLUSION OF THE 1996 CERTIFICATE OF DEPOSITS.
 IV. THE TRIAL COURT ERRED WHEN IT RULED THAT THE ECONOMIC LOSS RULE BARRED PLAINTIFF-APPELLANTS' CLAIM.
 STANDARD OF REVIEW
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresherv. Burt (1996), 75 Ohio St.3d 280. It is based upon this standard that we review appellant's assignments of error.
 I.
In the First Assignment of Error Appellants assert that R.C. §2131.10 prohibits the action taken by appellee in omitting the payable on death language on the 1999 certificates.
The applicable portion of R.C. § 2131.10 is:
 No change in the designation of the beneficiary shall be valid unless executed in the form and manner prescribed by the bank, building and loan or savings and loan association, credit union, or society for savings.
Appellants also state that appellee does not have a policy or procedure to be followed as to a requested change of beneficiary.
We must disagree with this reasoning.
First of all, there has been no claim of incompetency raised as to Leonard Jones. In fact, the deposition testimony of John Donelson, his son in law, clearly establishes otherwise. (Dep. at p. 62).
As no vesting during life occurs as to the P.O.D. beneficiaries, Mr. Jones had full authority by statute (R.C. § 2131.10 paragraph two) to alter such mode of transfer.
Appellee provided a form and manner in which to create or alter the P.O.D. provisions. These were contained on the forms which Mr. Jones received. He did not mark the P.O.D. block, did not insert the names of the beneficiaries and did not sign a second time with relation thereto, as required by the procedure.
"A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. If this were permitted, contracts would not be worth the paper on which they are written. * * * If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs." Chief Justice Taft in Dice v. Akron, Canton Youngstown RR.Co. (1951), 155 Ohio St. 185, 191, 44 O.O. 162, 164, 98 N.E.2d 301,304, reversed on other grounds (1952), 342 U.S. 359, 72 S.Ct. 312,96 L.Ed. 398.
Unless otherwise indicated, an owner has the absolute right to alter the form of a certificate of deposit. Leonard Jones chose to modify the terms of the 1999 certificates as opposed to those of 1996 by way of rate, term and individual ownership without the payable on death option.
Appellants argue that appellee had a fiduciary duty to mark the signature forms as P.O.D. and that appellant's decedent relied upon this fiduciary responsibility as to which appellee failed.
"Fiduciary relationship" may be defined as relationship in which special confidence and trust is reposed in integrity and fidelity of other, in which there is resulting position of superiority or influence acquired by virtue of this special trust. [Ed Shory and Sons, Inc. v.Society National Bank (1996), 75 Ohio St.3d 433 .] Id.
Relationship between debtor and creditor, without more, is not "fiduciary relationship".
We determine that the material properly considered by the trial court under Civ. R. 56 does not support the contention that a fiduciary relationship existed, the assumptions as to the intention of Leonard Jones nor the applicability of R.C. § 2131.10.
The First Assignment of Error is overruled.
 II.
The Second Assignment of Error asserts a breach of contract, again based upon the changes in the 1999 Certificates as opposed to the P.O.D. contained in the 1996 certificates.
As stated in response to the First Assignment of Error, Leonard Jones, had the absolute right to create a P.O.D. account or refrain from so doing as to the 1999 certificates. The arrangements as to the new certificates were assisted by Mr. Donelson. There is nothing in the deposition of Mr. Donelson to indicate an adverse intention by Mr. Jones to the form of the new certificates issued in 1999. Appellants are attempting to divest Mr. Jones of the capability to change the 1999 certificates.
This Second Assignment of Error is not well taken.
 III.
The Third Assignment of Error questions the trial court's decision that parol evidence is not admissible to alter the 1999 form of the certificates.
In support of this argument, appellants cite Galmish v. Cicchini
(2000), 90 Ohio St.3d 22.
The language of the Supreme Court in Galmish does not support this proposition.
As stated in part in such case:
 ". . . Extrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself. The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written are excluded; or as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations."
We therefore overrule the Third Assignment of Error as the executed 1999 certificates are controlling and parol evidence cannot alter the forms to indicate a different intention.
 IV.
The Fourth Assignment of Error finds fault with the trial court's conclusion that the economic loss rule of Floor Craft Covering, Inc. v.Parma Community General Hospital Association (1990), 54 Ohio St.3d 1 bars recovery.
While we question the applicability of the Floor Craft decision as its main focus was on the absence of privity of contract wherein a subcontractor attempted to sue the project's architect, it is unnecessary to address this conclusion as the rulings addressed with regard to the prior Assignments of Error resolve the case sub judice in favor of the trial court's summary judgment ruling.
For the foregoing reasons we affirm the well written conclusions of Judge Henderson.
By: Boggins, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Common Pleas Court of Ashland County, Ohio, is affirmed. Costs to Appellants.